NO. 24-10595

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## UNITED STATES OF AMERICA,
*Appellee,*

v.

## HAITHAM YOUSEF ALHINDI,
*Appellant.*

---

## On Appeal from the United States District Court
## for the Southern District of Florida

---

## INITIAL BRIEF OF THE APPELLANT
## HAITHAM YOUSEF ALHINDI

---

HECTOR A. DOPICO
  Interim Federal Public Defender
Bernardo Lopez
  Assistant Federal Public Defender
  Attorney For Appellant Alhindi
  1 E. Broward Blvd., Suite 1100
  Fort Lauderdale, Florida 33301
  Telephone No. (954) 356-7436

## THIS CASE IS ENTITLED TO PREFERENCE
## (CRIMINAL APPEAL)

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

## United States v. Haitham Yousef Alhindi
## Case No. 23-11349-H

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Alhindi, Haitham Yousef, Appellant

Berry, Scott G., Assistant Federal Public Defender

Cannon, Hon. Aileen M., United States District Judge

Caruso, Michael, Former Federal Public Defender

Cohen, Alix, Assistant United States Attorney

Croke, Danielle, Assistant United States Attorney

Disposto, Mark, Assistant United States Attorney

Dopico, Hector A. Interim Federal Public Defender

Funk, Daniel, Assistant United States Attorney

Gonzalez, Juan Antonio, Former United States Attorney

Kirkpatrick, Lynn, Assistant United States Attorney

Lapointe, Markenzy, United States Attorney

Lopez, Bernardo, Assistant Federal Public Defender

Mariani, Nicole, Assistant United States Attorney

Matzkin, Daniel, Assistant United States Attorney

Matthewman, Hon. William, United States Magistrate Judge

Kristy, Millitello, Assistant Federal Public Defender

Osborne, Susan, Assistant United States Attorney

Reinhart, Hon. Bruce E., United States Magistrate Judge

Rubio, Lisa Tobin, Assistant United States Attorney

United States of America, Appellee

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

    DISCLOSURE STATEMENT ...................................................... C-1

TABLE OF CITATIONS ...................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ................................. 6

STATEMENT OF SUBJECT MATTER AND APPELLATE

    JURISDICTION .............................................................................. 7

STATEMENT OF THE ISSUES ............................................................. 1

STATEMENT OF THE CASE ............................................................... 2

    Course of Proceedings and Disposition in the District Court ......... 2

    Statement of Facts ........................................................................ 3

    Standards of Review...................................................................... 8

SUMMARY OF THE ARGUMENT ....................................................... 9

ARGUMENT AND CITATIONS OF AUTHORITY .............................. 11

I.    The District Court erred as a matter of law when it ordered
    Mr. Alhindi hospitalized for further treatment at FMC Butner
    pursuant to 18 U.S.C. § 4241(d)(2)(A) where the four-month
    time limit pursuant to 18 U.S.C. § 4241(d)(1) had expired, the
    district court failed to make a requisite finding allowing for
    an extension of the initial period of hospitalization before the
    initial period expired, and any reasonable period of extended
    hospitalization has also expired ..................................................... 11

CONCLUSION ................................................................................... 24

CERTIFICATE OF COMPLIANCE........................................................25

CERTIFICATE OF SERVICE.................................................................26

# TABLE OF CITATIONS

**Cases:**

*Bonner v. City of Prichard,*

> 661 F.2d 1206 (11th Cir. 1981) (en banc) ..................................... 17

*Christensen v. Harris Cnty.,*

> 529 U.S. 576 (2000) ........................................................ 21

*Food & Drug Admin. v. Brown & Williamson Tobacco Corp.,*

> 529 U.S. 120 (2000) ........................................................ 20

*Jackson v. Indiana,*

> 406 U.S. 715 (1972) ................................................. 4, 19, 20

*Jenkins v. Prime Ins. Co.,*

> 32 F.4th 1343 (11th Cir. 2022) ............................................... 7

*Kokkonen v. Guardian Life Ins. Co. of America,*

> 511 U.S. 375 (1994) ........................................................ 20

*Trump v. United States,*

> 54 F.4th 689 (11th Cir. 2022) ............................................... 20

*\*United States v. Alhindi,*

> No. 23-11349, ___ F.4th ___, 2024 WL 1358479 (11th Cir. April 1,
>
> 2024) ................................................................... 7, 16

*United States v. Batmasian,*

    66 F.4th 1278 (11th Cir. 2023) ........................................................ 20

*United States v. Brown,*

    364 F.3d 1266 (11th Cir. 2004) .................................................. 8, 20

*United States v. Castaneda,*

    997 F.3d 1318 (11th Cir. 2021) ........................................................ 8

*\*United States v. Donofrio,*

    896 F.2d 1301 (11th Cir. 1990) .................................... 7, 15, 16, 19

*United States v. Garcon,*

    54 F.4th 1274 (11th Cir. 2022) (en banc) ...................................... 22

*United States v. Hitchmon,*

    587 F.2d 1357 (5th Cir. 1979) ........................................................ 16

*\*United States v. Jackson,*

    58 F.4th 1331 (11th Cir. 2023) ........................................................ 8

*United States v. Puentes,*

    803 F.3d 597 (11th Cir. 2015) ........................................................ 21

*United States v. Shawar,*

    865 F.2d 856 (7th Cir. 1989) ........................................................ 15

**Statutory and Other Authority:**

18 U.S.C. § 3231 ...................................................................... 7

18 U.S.C. § 4142(d)(2)(A)...................................... 3, 7, 13, 14

18 U.S.C. § 4241 ......................................................................

18 U.S.C. § 4241(d) ............................................ 7, 15, 20-23

18 U.S.C. § 4241(d)(1)............................................ 1, 11, 13

18 U.S.C. § 4241(d)(2)(A)............................. vi, 1, 14, 16, 17, 20

18 U.S.C. § 4246 .................................................................. 24

18 U.S.C. § 4247 ............................................................ 3, 4, 19

18 U.S.C. § 4247(b) ................................................................ 4

18 U.S.C. § 4248 .................................................................. 24

ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE
INTERPRETATION OF LEGAL TEXTS § 6 (2012) ............................. 22

The Insanity Defense Reform Act of 1984 ("IDRA"), Pub. L. 98-473, 98
Stat. 2057 (1984) ................................................................... 19

## STATEMENT REGARDING ORAL ARGUMENT

This interlocutory appeal raises an issue of first impression in this Circuit regarding the authority of a district court to hospitalize an accused found to be incompetent for an additional period of time pursuant to 18 U.S.C. § 4241(d)(2)(A) where the initial four-month period of hospitalization expired, the district court failed to make a timely finding that there is a substantial probability that within an additional reasonable period of time he will attain the capacity to permit the proceedings to go forward until four months after the initial period of hospitalization expired, and any additional period of time has been rendered unreasonable. Accordingly, appellant respectfully submits that oral argument is necessary to the just resolution of this appeal and will significantly enhance the decision making process.

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States. Mr. Alhindi appeals from the February 21, 2024 order of the district court extending his committed to the custody of the Attorney General to hospitalization and treatment pursuant to 18 U.S.C. § 4241(d). DE 98. This Court has jurisdiction of this appeal under the "collateral order" doctrine. The collateral order doctrine provides appellate jurisdiction over non-final orders that "(1) conclusively determine a disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) present a question that would be effectively unreviewable on appeal from a final judgment." *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345-46 (11th Cir. 2022) (internal quotations omitted). This Court has long held that a district court's order of commitment under 18 U.S.C. § 4241(d) is appealable under the collateral order doctrine. *See United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990); see also *United States v. Alhindi*, No. 23-11349, ___ F.4th ___, 2024 WL 1358479 (11th Cir. April 1, 2024).

## STATEMENT OF THE ISSUE

**Whether the District Court erred as a matter of law when it ordered Mr. Alhindi hospitalized for further treatment at FMC Butner pursuant to 18 U.S.C. § 4241(d)(2)(A) where the four-month time limit pursuant to 18 U.S.C. § 4241(d)(1) had expired, the district court failed to make a requisite finding allowing for an extension of the initial period of hospitalization before the initial period expired, and any reasonable period of extended hospitalization had also expired?**

## STATEMENT OF THE CASE

The appellant, Mr. Alhindi, is the defendant in the district court and will be referred to by name. The appellee, United States of America, will be referred to as the government. The record will be noted by reference to the volume number, document number, and page number of the Record on Appeal as prescribed by the rules of this Court.

The Appellant, Mr. Alhindi, is currently committed to the custody of the Attorney General for medical treatment. Specifically, Mr. Alhindi has been at the Bureau of Prisons medical facility at FMC Butner since June 21, 2023.

## COURSE OF PROCEEDINGS AND DISPOSITION IN THE DISTRICT COURT

A federal grand jury charged Mr. Haitham Yousef Alhindi in a superseding indictment with five counts of cyberstalking. DE 35. The district court found Mr. Alhindi incompetent to stand trial and committed him to the custody of the attorney general for medical treatment pursuant to 18 U.S.C. § 4241(d). DE 34, 49. Eventually, Mr. Alhindi arrived at FMC Butner on June 21, 2023. On February 15, 2024, nearly eight months after arriving at FMC Butner, Mr. Alhindi challenged his continued hospitalization. On February 21, 2024, the district court

ordered his continued hospitalization pursuant to 18 U.S.C. § 4142(d)(2)(A). DE 98. Mr. Alhindi filed a notice of appeal.

## STATEMENT OF FACTS

Mr. Alhindi has been imprisoned for nearly two years on the underlying offense. On May 19, 2022, Mr. Alhindi made his first appearance following his arrest pursuant to a criminal complaint alleging that Mr. Alhindi committed interstate domestic violence and cyberstalking. DE 3, 11. On May 27, 2022, the Magistrate Judge held a hearing and ordered Mr. Alhindi detained. DE 13,14. On June 7, 2022, a federal grand jury charged Mr. Alhindi with interstate domestic. DE 15. On July 15, 2022, the District Court ordered Mr. Alhindi to the custody of the attorney general for evaluation regarding his competency pursuant to 18 U.S.C. §§ 4241, 4247. DE 20. In the order, the District Court also ordered that "[t]he evaluation shall be conducted by the Federal Bureau of Prisons, and shall be completed, and a report prepared, no later than August 26, 2022." *Id.*

Despite the clear dictates of the district court's order, the Bureau of Prisons and the Attorney General failed to comply with the order. On September 15, 2022, the Bureau of Prison filed a letter with the district

court noting that the Bureau of Prisons, instead of taking Mr. Alhindi to a medical facility as ordered by the district court, they took Mr. Alhindi across country to the Metropolitan Detention Center ("MDC") in Los Angeles. DE 24. There was no explanation given why Mr. Alhindi was taken across the country to merely sit at another detention center. The Warden of MDC noted that Mr. Alhindi arrived at MDC on August 18, 2022 and that he was not "medically cleared" until August 29, 2022. *Id.* Again, there was no explanation as to why Mr. Alhindi was taken all the way across the country to MDC Los Angeles and why it took additional days to "medically clear" him. Nevertheless, the MDC warden requested an extension of the district court's order to have until November 2, 2022 to evaluate Mr. Alhindi as ordered by the court and until November 23, 2022 to provide a report on that evaluation. *Id.*

Counsel for Mr. Alhindi filed an objection to the request by the BOP. DE 23. Specifically, counsel for Mr. Alhindi noted that the request by the BOP was untimely, that the request and the granting of that request violated the strict mandates of 18 U.S.C. § 4247(b), and violated Mr. Alhindi's due process rights pursuant to *Jackson v. Indiana*, 406 U.S. 715 (1972). *Id.* Despite the clear mandates of § 4247(b), the district court

issued an order allowing the BOP to conduct an expedited psychological examination of Mr. Alhindi by October 14, 2022.  DE 25.

On November 28, 2022, following a hearing, the district court found Mr. Alhindi to be incompetent to stand trial.  DE 34.  Pursuant to 18 U.S.C. § 4241, the district court ordered Mr. Alhindi committed to the custody of the Attorney General for a four-month period in an attempt to determine whether Mr. Alhindi could be made competent to stand trial. DE 34.  The order expressly noted that the commitment to the Attorney General could not exceed four months from November 28, 2022.  *Id*.  The order also expressly gave the director until February 28, 2022 to make a determination as to whether Mr. Alhindi's competence had been restored or whether his competence could be restored within a reasonable amount of time.  *Id*.  The district court also set a status conference for March 2, 2023.  *Id*.  On December 13, 2022, the grand jury filed a superseding indictment against Mr. Alhindi charging him with five counts of cyberstalking. DE 35.

The BOP and the Attorney General again failed to comply with the explicit order of the district court.  Specifically, the BOP notified the Court that despite the Court's explicit order, BOP had not yet transferred

Mr. Alhindi to the medical facility for treatment. On February 27, 2023, the district court sua sponte ordered "that the Federal Bureau of Prisons shall forthwith hospitalize Defendant Yousef Alhindi for treatment at a suitable facility to restore his competency to proceed in the instant proceedings, as it was ordered to do in the November 28, 2022 Competency Order." DE 36.

However, even in light of the district court's order of November 28, 2022 finding Mr. Alhindi incompetent to stand trial, the district court, based on a recommendation of the government and over the objection of counsel for Mr. Alhindi, ordered that Mr. Alhindi be re-evaluated to determine whether he was competent. DE 39. The district court overruled the arguments from counsel for Mr. Alhindi that ordering a new evaluation on the initial question of competency was beyond the court's statutory authority and violated Mr. Alhndi's due process rights. *Id.* The Court set a status conference for April 7, 2023 on the ordered expedited evaluation. DE 41. On April 10, 2023, the district court held a second competency hearing and, just as it had on November 28, 2022, the district court found Mr. Alhindi incompetent to stand trial. DE 46. Counsel for Mr. Alhindi filed a motion to dismiss the indictment arguing

that the delay in treatment from the BOP and the district court's actions violated federal statute and violated Mr. Alhindi's due process rights. DE 47. The district court denied the motion to dismiss, committed Mr. Alhindi to the custody of the Attorney General and ordered that the BOP commence the hospitalized treatment of Mr. Alhindi no later than July 1, 2023. DE 49.

Mr. Alhindi was eventually transported and arrived at FMC Butner, a B.O.P. medical facility On June 21, 2023. On February 15, 2024, nearly eight months after arriving at FMC Butner, Mr. Alhindi challenged his continued hospitalization. DE 93. On February 21, 2024, the district court ordered his continued hospitalization pursuant to 18 U.S.C. § 4142(d)(2)(A). DE 98. Specifically, the district court ruled as follows in its paperless order:

> To the extent that there is a need on this record for an additional Court finding, pursuant to 18 U.S.C. § 4142(d)(2)(A), that there is a substantial probability that Defendant will attain the capacity to permit the proceedings to go forward, the Court hereby makes that finding and orders the Attorney General to hospitalize Defendant for treatment in a suitable facility for an additional period of time, as set forth in 18 U.S.C. § 4142(d)(2)(A). The Court notes BOP's determination that involuntary medications would be substantially likely to render Defendant competent to stand trial [ECF No. 96 p.8 (BOP Forensic Evaluation Opinion Letter Fed. 15, 2024)]. Further, upon review of Defendant's

Objections and Request for Immediate Transfer [DE 93] and the Government's Response [DE 95], the Court DENIES Defendant's objections for the reasons stated in the Government's Response.

DE 98.   Mr. Alhindi filed a notice of appeal.

## STANDARDS OF REVIEW

This Court reviews *de novo* questions of statutory interpretation including a district court's authority pursuant to a federal statute. *United States v. Jackson*, 58 F.4th 1331 (11th Cir. 2023).   Whether a criminal defendant's right to due process was violated is a legal question reviewed de novo.   *See United States v. Castaneda*, 997 F.3d 1318, 1325 (11th Cir. 2021) (outrageous government conduct); *see also United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004) (claims of constitutional violations reviewed *de novo*).

## SUMMARY OF THE ARGUMENT

The federal statute governing a criminal defendant's competency to stand trial, 18 U.S.C. § 4241, provides a precise and mandatory procedure for dealing with a federal defendant who may not be competent to stand trial. Under that procedure, a district court may order the competency evaluation of a federal criminal defendant and then hold a hearing to determine competency. If a district court finds that a defendant is not competent, it must commit the defendant to the custody of the Attorney General for treatment and the Attorney General must hospitalized the defendant for treatment.

The applicable statute limits that initial term of hospitalization to four months. The statute allows a court to order the defendant hospitalized for an additional "reasonable period of time" but only if the court first finds that there is a substantial likelihood that the defendant will be made competent within that additional reasonable period of time.

Here, the initial four-month period of hospitalization expired. Not until an additional four months had passed did the district court make a finding that there was a substantial likelihood that Mr. Alhindi could be made competent within an additional reasonable period of time. But the

district court lacked the authority to make that finding and extend the period of hospitalization four months after the initial period of hospitalization had expired. The court had no authority to make a finding nunc pro tunc and the evidence before the court at the time that the initial four-month period expired was insufficient to make such a finding and to grant an extension. In addition, even if the district court could have extended the period of hospitalization after the initial period of hospitalization expired, the additional four months, now six months, exceeds a "reasonable period of time."

## ARGUMENT AND CITATIONS OF AUTHORITY

**The District Court erred as a matter of law when it ordered Mr. Alhindi hospitalized for further treatment at FMC Butner pursuant to 18 U.S.C. § 4241(d)(2)(A) where the four-month time limit pursuant to 18 U.S.C. § 4241(d)(1) had expired, the district court failed to make a requisite finding allowing for an extension of the initial period of hospitalization before the initial period expired, and any reasonable period of extended hospitalization has also expired.**

The plain and precise language of 18 U.S.C. § 4241(d)(1) authorizes hospitalization and treatment based on a finding that an accused is not competent to stand trial and caps the length of such hospitalization at four months. Another subsection of that statute allows for an extension of that four-month period for an additional reasonable period of time. 18 U.S.C. § 4241(d)(2)(A). However, as the plain language of that subsection and this Court's precedent make clear, a district court must first make a finding that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go

forward.  Here, the district court failed to make that requisite finding when the initial four-month period elapsed and the finding made by the court four months after the initial time period lapsed is unauthorized and insufficient to expand the time of hospitalization. Even if the Court properly extended the term of hospitalization, any reasonable extension has also expired.

The statute that allows a district court to remand an accused to the custody of the Attorney General for purposes of diagnosis and treatment regarding competency to stand trial provides as follows:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.  The Attorney General shall hospitalize the defendant for treatment in a suitable facility
>
> (1) For such a reasonable period, **not to exceed four months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) For an **additional reasonable period of time** until ---

(A) His mental condition is so improved that trial may proceed, **if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward**; or

(B) The pending charges against him are disposed of according to law;

Whichever is earlier.

18 U.S.C. § 4241(d).   Even assuming that the four-month period began with Mr. Alhindi's arrival at FMC Butner, that four-month period has expired and Mr. Alhindi's detention for the past four months has been unlawful, and his current and continued detention is likewise unlawful.

Mr. Alhindi arrived at FMC Butner on June 21, 2023 pursuant to an order of hospitalization from the district court under 18 U.S.C. § 4241(d)(1).  On February 21, 2024, eight months after his arrival at FMC Butner, the district court ordered his continued hospitalization pursuant to 18 U.S.C. § 4142(d)(2)(A).  DE 98.  Specifically, the district court ruled as follows in its paperless order:

> To the extent that there is a need on this record for an additional Court finding, pursuant to 18 U.S.C. § 4142(d)(2)(A), that there is a substantial probability that Defendant will attain the capacity to permit the proceedings to go forward, the Court hereby makes that finding and orders the Attorney General to hospitalize Defendant for treatment in a suitable facility for an additional period of time, as set

forth in 18 U.S.C. § 4142(d)(2)(A). The Court notes BOP's determination that involuntary medications would be substantially likely to render Defendant competent to stand trial [ECF No. 96 p.8 (BOP Forensic Evaluation Opinion Letter Fed. 15, 2024)]. Further, upon review of Defendant's Objections and Request for Immediate Transfer [DE 93] and the Government's Response [DE 95], the Court DENIES Defendant's objections for the reasons stated in the Government's Response.

DE 98.

**The District Court lacked the Authority to enter an order extending the term of hospitalization on February 21, 2024, eight months after Mr. Alhindi began his hospitalization at FMC Butner.**

Although the statute provides a court authority to extend that initial four-month period for "an additional reasonable period of time," such an extension requires an initial finding by the court before the term of hospitalization can be extended beyond the initial four-month period of hospitalization. The district court never issued an order making that specific finding until it entered its paperless order on February 21, 2024.

The plain text of the statute required the district court to "find[] that there is a substantial probability that within such additional period of time [Mr. Alhindi] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A). The language also makes it clear that the finding must be made before the extension can be granted.

Specifically, the statute allows a court to order hospitalization "for an additional reasonable period of time until" the defendant's "mental condition is so improved that trial may proceed," but only "**if** the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." *Id.* (emphasis added). Under the plain meaning of the statute, a finding must be made prior to the granting of an extension. Nothing in the plain language of the statute authorizes an extension to be authorized by finding made four months into the extension.

This Court's well-established precedent also makes clear that the finding is required **before** an extension may be granted. This Court has held that the requirements of 18 U.S.C. § 4241(d) are mandatory. *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) (agreeing with the holding of the Seventh Circuit in *United States v. Shawar*, 865 F.2d 856, 863 (7th Cir. 1989)). "The statute limits confinement to four months, whether more time would be reasonable or not. **Any additional period of confinement depends on the court's finding there is a probability that within the additional time he will attain capacity to permit trial**." *Id.* (emphasis added). The "depends on"

15

language in this Court's *Donofrio* precedent makes clear that the extension of hospitalization is dependent an initial finding that there is a substantial probability that within such additional period of time Mr. Alhindi will attain the capacity to permit the proceedings to go forward. *See id.*; 18 U.S.C. § 4241(d)(2)(A); see also *United States v. Alhindi*, No. 23-11349, ___ F.4th ___, 2024 WL 1358479 at *2 (11th Cir. April 1, 2024).

Because the district court never made the requisite finding, Mr. Alhindi's detention at FMC Butner beyond October 21, 2023 violated the statute and Mr. Alhindi's due process rights.   Mr. Alhindi's current and continued detention at FMC Butner is unlawful and Mr. Alhindi must be returned to the Southern District of Florida forthwith.

### The district court could not have made the requisite finding prior to the expiration of the initial four-month period of hospitalization

Nothing in the language of 18 U.S.C. § 4241(d)(2)(A) allows a district court to make the finding required by statute *nunc pro tunc*. Even if it did, the well-established precedent in this Circuit makes clear that nunc pro tunc orders cannot "take the place of Orders intended to me made but omitted." *United States v. Hitchmon*, 587 F.2d 1357, 1360

(5th Cir. 1979).[1] Thus, the district court lacked the authority to enter the order extending hospitalization on February 21, 2024 when it had to enter that order by October 21, 2023. *See id.*

In addition, the evidence the district court had before it on October 21, 2023 was insufficient to make such a finding. Again, in order to extend the time beyond the statutory limit of four months, this Court must first make a finding that "that there is a substantial probability that within such additional period of time [the accused] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A). The government filed the BOP Report from FMC Butner. DE 38 (sealed). But that report cannot support such a finding.

To start, the report is internally inconsistent. As the report notes, Dr. Lee. M.D., the Staff Psychiatrist at FMC Butner, whose expert opinion is quoted in the report, concludes that: "Mr. Alhindi **may not** be substantially likely to be rendered competent on medication." DE 38 (emphasis added). Yet, despite that expert opinion from the staff psychiatrist, Brianna Grover Phd, the psychologist who authored the

---

[1] Published decisions of the former Fifth Circuit entered before the end of business on September 30, 1981 are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

17

report comes to the exact opposite conclusion: "there is likely a substantial probability that Mr. Alhindi's competency to stand trial can be restored with appropriate treatment with antipsychotic medication." *Id.* Even if this Court wanted to completely disregard the expert opinion of the Staff Psychiatrist, Dr. Lee, and go with the conclusion of the psychologist who wrote the report but provided no other basis for coming to the exact opposite conclusion, there is a problem. The final conclusion of the psychologist, Brianna Grover, makes absolutely NO mention of a "reasonable period of time." At best, the conclusion of the psychologist is "there is likely a substantial probability" that at some, indeterminate, time in the future, "Mr. Alhindi's competency to stand trial can be restored with appropriate treatment with antipsychotic medication." Nothing in the report even attempts to guess at how long that might take, if ever. Thus, at the time when the four-month initial period of hospitalization expired, there was insufficient evidence for a finding, even assuming that the statute allowed the district court to make a nunc pro tunc finding.

**The extended period of hospitalization exceeds what can be considered a reasonable period of time**

In 1972, the Supreme Court made it clear that a criminal defendant who may not be competent to stand trial cannot be held more than the reasonable period of time necessary to determine whether the accused is competent or "whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.*

In 1984, those due process concerns were codified into federal law when Congress passed The Insanity Defense Reform Act of 1984 ("IDRA"), Pub. L. 98-473, 98 Stat. 2057 (1984), 18 U.S.C. §§ 4241-4247. The Act was passed in response to the Supreme Court's decision in *Jackson. See Donofrio*, 896 F.2d at 1302. Thus, the statute's use of a "reasonable period of time" must be seen in the context of the due process concerns addressed in *Jackson*.

Again, Mr. Alhindi arrived at FMC Butner on June 21, 2023. It was not until eight months later that the district court ordered Mr. Alhindi's hospitalization be extended for a "reasonable" period of time. Mr. Alhindi

has now been hospitalized for ten months.  By the time the district court might conclude its analysis and order involuntary medication, it might be an additional six months after the initial four-month period ended.  And then to add the government's suggested six month period of forced medication, it would end up being an additional one-year period of additional detention under § 4241(d)(2)(A).  That cannot be reconciled with the express language of § 4241(d) or the due process concerns expressed in *Jackson v. Indiana*, 94 S. Ct. 1845 (1972).   Under either, there is absolutely no basis to conclude that Mr. Alhindi could be made competent within a **reasonable** period of time.

Federal district courts are courts of limited jurisdiction and authority.   Federal courts "possess only that power authorized by Constitution and statute."   *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also United States v. Batmasian*, 66 F.4th 1278, 1280-1281 (11th Cir. 2023); *Trump v. United States*, 54 F.4th 689, 694 (11th Cir. 2022).   "The words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Food & Drug Admin. V. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (internal quotations omitted).   "It is a

longstanding principle of statutory construction that 'when a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.'" *United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015) (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 583 (2000)).

Section 4241, drafted in response to a Supreme Court precedent and which balances prosecutorial interests with the due process rights of an accused, sets out a specific procedure to be followed and gives the district court limited and mandatory authority once the district court determines that an accused is incompetent to stand trial. That mandatory authority is limited to committing the individual to the custody of the Attorney General. The statute provides the court with no further authority until the four-month period expires and either competency is restored or the Court determines "whether there is a substantial probability that in the foreseeable future [the accused] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d). Even then, the additional period of hospitalization is limited to a reasonable period of time. The mandatory and limited nature of authority provided under section 4241(d) makes clear that the district court is not authorized to do anything else. *See Puentes*, 803 F.3d at 607.

Here, it is clear that any reasonable period of hospitalization beyond the initial four-month period of hospitalization has expired. Allowing for continued and indefinite hospitalization of Mr. Alhindi is not authorized by 18 U.S.C. § 4241, and the continued hospitalization of Mr. Alhindi violates the strictures of § 4241 and violates Mr. Alhindi's due process rights.

As this Court has stressed, in determining the meaning of a statute, the analysis begins with the plain text of the statute. *United States v. Garcon*, 54 F.4th 1274, 1277 (11th Cir. 2022) (en banc). And this Court is guided in its "interpretation of the text by the ordinary-meaning canon, 'the most fundamental semantic rule of interpretation.'" *Id.* (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 6, at 69 (2012)).

Here, the plain text of 4241(d) allows for two periods of hospitalization:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility –
>
> (1) For such a reasonable period, **not to exceed four months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) For an **additional reasonable period of time** until ---

   (A) His mental condition is so improved that trial may proceed, **if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward**; or

   (B) The pending charges against him are disposed of according to law;

Whichever is **earlier**.

18 U.S.C. § 4241(d) (emphasis added). It is clear that both the initial four-month term of hospitalization and any additional reasonable period of time have both expired. There is no authorization to continue to hospitalize Mr. Alhindi. As such, this Court must order that his hospitalization end forthwith and that he be returned to the Southern District of Florida.

As of this writing, Mr. Alhindi has been detained for almost two full years. He has been committed to the custody of the Attorney General for treatment for seventeen months. Mr. Alhindi arrived at the medical facility at FMC Butner on June 21, 2023. Thus, he has been hospitalized for ten months. Under *Jackson*, the length in detention and hospitalization violates Mr. Alhindi's due process rights. Each day that

Mr. Alhindi remains hospitalized for treatment adds to the due process violation.

This Court must end the violation by vacating the order of the district court and releasing Mr. Alhindi form his commitment to the custody of the Attorney General and remanding the case to the district court for release and dismissal. At a minimum, as Section 4241 makes clear, if the accused has not had competency restored, the accused is subject to the procedures of 18 U.S.C. §§ 4246, 4248.

## CONCLUSION

Based on the foregoing, this Court must vacate the judgment of the district court and remand the matter to the district court.

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

*/s/ Bernardo Lopez*

Bernardo Lopez
Assistant Federal Public Defender
Attorney For Appellant
One E. Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
Telephone No. (954) 356-7436

# CERTIFICATE OF COMPLIANCE

I CERTIFY that this brief complies with the type-volume limitation and typeface requirements of Fed. R. App. P. 32(a)(7)(B), because it contains 4,620 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief also complies with the requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Century Schoolbook.

*/s/ Bernardo Lopez*
Bernardo Lopez
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 16th day of April, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and sent seven copies to the Clerk of the Court via third party commercial carrier for delivery within three days. I also certify that the foregoing document is being served this day via CM/ECF on Lisa Rubio, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

For counsel of record who have not registered for CM/ECF and pro se parties, the foregoing document has been served by U.S. Mail.

s/ *Bernardo Lopez*
Bernardo Lopez
Assistant Federal Public Defender