# FEDERAL PUBLIC DEFENDER
### Southern District of Florida
www.fpdsouthflorida.org

**Hector A. Dopico**
**Federal Public Defender**

Location: <u>Fort Lauderdale</u>

**Helaine B. Batoff**
**Chief Assistant**

<u>Miami:</u>

**Abigail Becker**
**Christian Dunham**
**R. D'Arsey Houlihan**
**Bunmi Lomax**
   *Supervising Attorneys*

Sowmya Bharathi
Eboni Blenman
Micki Bloom
Anshu Budhrani
Michael Caruso
Eric Cohen
Tracy Dreispul
MaeAnn Dunker
Daniel L. Ecarius
Sogol Ghomeshi
Jean-Pierre Gilbert
Alexandra Hoffman
Andrew Jacobs
Srilekha Jayanthi
Ashley Kay
Evan Kuhl
Ian McDonald
Kate Mollison
Leticia Olivera
Ta'Ronce Stowes
Marisa Taney
Kate Taylor
Victor Van Dyke

<u>Ft. Lauderdale:</u>

**Robert N. Berube**
   *Branch Supervisor*
**Bernardo Lopez,**
   *Supervising Attorneys*

Andrew Adler
Huda Ajlani-Macri
Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Allari Dominguez
Margaret Y. Foldes
Sara Kane
Jan C. Smith
Wesley Wallace

<u>West Palm Beach:</u>

**Peter Birch,**
   *Branch Supervisor*

Robert E. Adler
Lori Barrist
Scott Berry
Caroline McCrae
Kristy Militello

<u>Fort Pierce:</u>

Kafahni Nkrumah
Renee Sihvola

December 12, 2024

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

RE:   ***United States v. Haitham Yousef Alhindi***, **no. 24-10595**
      Argued December 11, 2024 in Miami, Florida

Dear Mr. Smith:

During oral argument an issuer arose suggesting that dismissal of the indictment below per se deprived this Court over jurisdiction to rule on the validity of the order appealed from and the appeal was thus moot. Pursuant to Fed. R. App. P. 28(j), appellant, Mr. Alhindi, by and through undersigned counsel, hereby brings the following case to the attention of this Court:

***United States v. Villamonte-Marquez*, 462 U.S. 579 (1983).** A jury convicted the defendants on drug importation charges. On appeal, the conviction was vacated and reversed based on a Fourth Amendment violation. The government allowed the stay of the mandate to lapse and the appellate mandate issued. On remand, the government subsequently moved to dismiss the indictment. The district court granted the motion and dismissed the indictment. The defendants were deported. *Id*. at 594-595. The Supreme Court rejected the argument that the case had become moot based on the issuance of the mandate, the subsequent dismissal of the indictment on the government's own motion, and the government's deportation of the defendants. *Id*. at 589, n.2 Finding no Fourth Amendment violation, the Supreme Court reversed the judgment of the Court of Appeals. *Id*. at 592. The reversal served to reinstate the criminal judgment in the case that had been dismissed on the government's own motion.

|        **Miami**        |      **Ft. Lauderdale**      |      **West Palm Beach**      |        **Ft. Pierce**        |
| 150 West Flagler Street | One East Broward Boulevard   | 250 South Australian Avenue   | 109 North 2nd Street         |
| Suite 1500              | Suite 1100                   | Suite 400                     | Ft. Pierce, FL 34950         |
| Miami, FL 33130-1555    | Ft. Lauderdale, FL 33301-1842| West Palm Beach, FL 33401-5040| Tel: (772) 489-2123          |
| Tel: (305) 536-6900     | Tel: (954) 356-7436          | Tel: (561) 833-6288           | Fax: (772) 489-3997          |
| Fax: (305) 530-7120     | Fax: (954) 356-7556          | Fax: (561) 247-7094           |                              |

Here, Mr. Alhindi is still detained at Butner FMC based on the February 21, 2024 order of detention even though any release from detention is stayed because the government filed a § 4246 certificate in the EDNC. No subsequent order of detention has been entered and none would be authorized until the conclusion of the civil commitment proceedings. 18 U.S.C. § 4246(d). Under *Villamonte*, dismissal of the indictment does not prevent review of that order. If that order is invalidated by this Court, the government will be unable to prove that Mr. Alhindi was in 4241(d) custody when it filed the § 4246 certificate and the civil commitment proceeding will be terminated. *See United States v. Carrington*, 91 F.4th 252, 258-261 (4th Cir. 2024).

                                        Respectfully Submitted,

                                        *s/ Bernardo Lopez*
                                        Bernardo Lopez
                                        Assistant Federal Public Defender
                                        Counsel for Appellant Alhindi

cc: Jorge Delgado, Assistant United States Attorney